UNIVERSAL C.I.T. CREDIT CORPORATION *vs.* ALBERT E. SKOG.

NOVEMBER 8, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

FROST, J. This is an action of the case in assumpsit brought in the district court to recover an amount due on an automobile. By agreement of counsel decision was given for the plaintiff and an appeal was taken to the superior court. After a trial in that court the defendant rested without submitting any evidence and a justice thereof sitting without a jury gave a decision for the plaintiff for $800, the amount of the ad damnum, and costs. The case is before this court on the defendant's bill of exceptions thereto and to certain evidentiary rulings.

The defendant purchased the automobile of Butler Auto Sales, Inc., paying therefor $500 in cash and signing a conditional sale contract for $1,622.10 which was immediately assigned to plaintiff. The automobile was driven to New Hampshire by defendant's son, where it was damaged as a result of burning out the engine. It was repaired at a cost of $476.34. The plaintiff paid the repair bill and repossessed the car, which was afterward sold for $1,200. To recover the amount claimed to be owing to it plaintiff brought suit.

During the trial in the superior court plaintiff's motion to amend the pleadings to conform to the evidence was granted.

As amended, plaintiff's declaration contains a count alleging that defendant purchased an automobile from Butler Auto Sales, Inc. on a conditional sale contract which it thereafter assigned and transferred to plaintiff; that defendant promised to pay to plaintiff the sum of $1,622.10; and that defendant breached the agreement. To the amended declaration defendant filed a plea of non assumpsit.

The defendant's bill of exceptions contains six exceptions which have been briefed under four issues as follows:

"1. Did the trial court err in allowing the plaintiff to amend its declaration so that its suit was predicated on a different cause of action? Exception #5.

"2. Did the trial court err in awarding repossession costs to the plaintiff? Exceptions #2, #3, & #4.

"3. Did the court err in admitting into evidence the condition[al] sale contract, Exhibit #1., Exception #1.

"4. Was the court's decision supported by the pleadings and evidence? Exception #6."

Considering these issues in their order, the claim of plaintiff was not one to be declared on in book account or on the common counts but rather as an express contract. It was still proper to sue in assumpsit as plaintiff did.

The defendant asserts that the court erred in allowing plaintiff to substitute by a new declaration a new cause of action for the one originally sued upon. The original action as evidenced by the writ was an action of assumpsit on book account. There was also a count for goods sold and delivered. The trial court permitted the plaintiff to amend its declaration by filing an additional count, still in assumpsit based on a conditional sale contract.

The defendant recognized the right of the court generally to allow plaintiff to amend its declaration as ruled in *Beaudette* v. *Cavedon,* 50 R. I. 140, but argued that such was not proper here because the amendment substituted a new cause of action, citing many cases to the effect that that could not be done.

We are of the opinion that the amendment in this case did not substitute a new cause of action. Both the original action on book account and the conditional sale contract on which the decision was given sound in contract and both were brought in assumpsit. Recovery under the original action would bar recovery under the amended count. In *Ferla* v. *Rotella,* 92 R. I. 460, the court found a variance between the declaration on the common counts and the proof of rent owed, stating at page 462: "The plaintiff could have moved at that time to amend the pleadings to conform to the proof."

We are of the opinion that the trial court did not err in allowing the plaintiff to amend its declaration and that the plaintiff by its amendment did not predicate its suit on a different cause of action. Exception No. 5 under defendant's first issue is overruled.

When the car was sold there was a balance due on the conditional sale contract of $1,622.10 plus expense of lien, advertising, storage and other expenses amounting to $492.60, a total of $2,114.70. The car was sold for $1,200 leaving a balance due of $914.70. To this must be added

interest and a counsel fee of 15 per cent. The decision was for $800 which was the amount of the ad damnum. It is evident from the foregoing that there was actually due an amount of several hundred dollars in excess of the court's decision which was necessarily limited to the amount of the ad damnum.

The defendant asserts that the payment to the repairer of the car for the amount of his lien was unnecessary since plaintiff's right to the car was superior to any lien of the person who repaired the car. *Arnold* v. *Chandler Motors,* 45 R. I. 469. We are of the opinion that defendant is in no position to complain of the fact that plaintiff paid the repairman since he, defendant, would otherwise have been indebted to him. His exceptions under issue No. 2 are overruled.

The defendant asserts that the court erred in admitting into evidence as a full exhibit the conditional sale contract. There is no merit in this contention since the trial justice permitted an amended declaration to be filed and we have aleady found that there was no error in so doing. Exception No. 1 under issue No. 3 is overruled.

The defendant in his concluding point states that even if the amended declaration were properly in the case the plaintiff failed to prove the allegations therein. The statement is made that there was no evidence that defendant was notified of the assignment so as to make him liable under it. The defendant's signature appears on the conditional sale contract which was introduced in evidence. The defendant did not deny the authenticity of the instrument although he objected to it on the ground of relevancy and asserts that there was no proof that he had not paid his original creditor. Since his execution of the assignment was proper it was unnecessary to consider whether defendant had made any payment to Butler Auto Sales, Inc. on the amount named in the conditional sale contract, namely, $1,622.10. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

### ON MOTION FOR REARGUMENT.

#### NOVEMBER 29, 1962.

PER CURIAM. After our decision in the above case was filed, the defendant was granted permission to present a motion for reargument. Pursuant thereto he has filed such a motion setting out therein the particular reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Halpert & Beaver, Kenneth M. Beaver,* for plaintiff.

*Grande & Grande, Aram K. Berberian,* for defendant.